Argued September 14, affirmed October 4, 1977

VICE, *Appellant,*
*v.*
CREAGER TRUCKING CO., INC., *Respondent.*
(No. 421-099, SC 24796)

569 P2d 622

Darrell E. Bewley, of Niedermeyer & Bewley, Portland, argued the cause and filed a brief for appellant.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent. On the brief was Sherman B. Keller, of Engel, Keller and Pomajevich, Portland.

Before Denecke, Chief Justice, Tongue and Lent, Justices and Gillette, Justice Pro Tempore.

GILLETTE, J., Pro Tempore.

**GILLETTE, J.,** Pro Tempore.

This is a suit for rescission of a retail installment contract for purchase of a 1972 Kenworth truck tractor. At the close of plaintiff's case, the trial court dismissed plaintiff's suit with prejudice, holding that plaintiff had failed to prove his case for rescission. We affirm.

The basis of plaintiff's complaint was the failure of defendant Creager to transfer title as provided by ORS 481.410(1):

> "If, after a certificate of title is issued, a security interest is created in the vehicle described in the certificate, the owner, or lessor, if there is a lease, shall sign, and enter the date, in an application space provided on the back and deliver the certificate to the person in whom the security interest was created who, within 30 days thereafter, shall sign and present the certificate with a fee of $2 to the division. In the event a prior security interest holder is in possession of the certificate of title the owner or lessor, as the case may be, shall sign and may arrange for direct delivery by the prior security interest holder to the division. The division shall, upon receiving the certificate and fee, issue a new certificate of title, note such change upon its records in order of priority and mail the certificate to the security interest holder first named on the certificate."

Because of defendant's failure, plaintiff claims he was unable to utilize the truck either directly or by lease to a common carrier. Plaintiff's own evidence shows that defendant tendered all documents necessary to changing the truck's *registration* to plaintiff prior to the date plaintiff elected to rescind, subject only to plaintiff's performing his obligations under the retail sales contract. By terms of the contract, *title* would pass only when the truck was fully paid for.

Plaintiff argues that this case is governed by *Larison-Frees Co. v. Payne,* 163 Or 276, 96 P2d 1067 (1939). There, however, seller falsely claimed to be selling a licensed truck, then refused to take steps to accomplish the licensing, although the power to do so

[ 77 ]

was within the seller's control. As a result, the buyer found himself in possession of an unlicensed truck which could not be driven at all. In the present case, plaintiff has a licensed truck and is in possession of the documents necessary to have the vehicle registered in his name. His contract with Creager promised no more.

We have consistently held that rescission is a remedy to be granted only where there is a material breach of contract. *See, e.g., Mohr v. Lear,* 239 Or 41, 48, 395 P2d 117 (1964).

We find no such breach here.

Affirmed.